■   RUTH WALTER, Respondent, v. SOL WALTER, Appellant.— In an action for a separation, and for other relief, the appeal is (1) from so much of an order as, *inter alia*, (a) denied appellant's motion for a reduction of the amounts provided in previous orders for the support and maintenance of respondent and

for the support, maintenance and education of two minor children of the parties, *pendente lite,* with permission to renew upon adequate papers, (b) granted to a limited extent appellant's motion for visitation rights, and (c) granted respondent's cross motion to the extent of directing the entry of judgment for $2,625 for unpaid alimony for the period beginning November 14, 1958 to April 10, 1959, and (2) from the judgment entered on the last-mentioned provision of the order. Appeal from so much of the order as denied appellant's motion for a reduction of alimony, with leave to renew upon adequate papers, dismissed, without costs (*Goldstein* v. *Park Terrace Caterers,* 9 A D 2d 896, and cases there cited). Order modified upon the facts by striking from the fifth ordering paragraph the figure " $2,625.00 " and by substituting therefor the figure. " $2,525 ", and judgment modified upon the facts by striking from the decretal paragraph the words and figures " Two thousand six hundred twenty-five and 00/100 ($2,625.00) " and by substituting therefor the words and figures " Two thousand five hundred twenty-five and 00/100 ($2,525.00) ". As so modified, order insofar as appealed from and judgment unanimously affirmed, without costs, with leave to appellant, if he be so advised, to renew his motion for visitation rights upon papers containing a less generalized request as to days and hours. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The arrears are found to be $125 a week for the period from November 14, 1958 to March 27, 1959 and $75 a week for the period from March 27, 1959 to April 10, 1959. Appellant in his moving papers requested only that the court fix " reasonable hours and time for visitation ". In our opinion, the Special Term did not abuse its discretion in limiting the visitation to three hours a week; however, appellant should have an opportunity to renew his motion as hereinabove indicated. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.